UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PEACE RANCH LLC, | No. 2:21-cv-01651-JAM-AC |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1 through 20, inclusive, | |
| Defendants. | |

In 2021, California enacted AB 978 which limited the amount mobilehome parks could increase rent for mobilehome sites. Peace Ranch, LLC ("Peace Ranch" or "Plaintiff"), the owner of two mobilehome parks, brought this action against Governor Gavin Newsom, Attorney General Rob Bonta, and 20 Doe defendants ("Defendants") challenging AB 978. Compl., ECF No. 1. Shortly thereafter, Peace Ranch filed a Motion for Preliminary Injunction. Mot. for Prelim. Inj., ECF No. 7. Defendants opposed this Motion. Opp'n to Mot. for Prelim. Inj., ECF No. 13.

1

Plaintiff replied.  Reply in Mot. for Prelim. Inj., ECF No. 17. Defendants then filed a Motion to Dismiss.  Mot. to Dismiss, ECF No. 10.  Plaintiff opposed this Motion.  Opp'n to Mot. to Dismiss, ECF No. 14.  Defendants replied.  Reply in Mot. to Dismiss, ECF No. 16.  For the reasons set forth below, Defendants' Motion to Dismiss is granted, as Plaintiff's have not demonstrated standing.  The Motion for Preliminary Injunction is therefore denied as moot.[1]

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In February 2019, Peace Ranch acquired Rancho La Paz, a mobilehome park in Orange County.  Compl. ¶ 19.  Rancho La Paz consists of two legally distinct parks, as recognized by the California Department of Housing and Community Development.  Id. One of the parks is in Anaheim, the other in Fullerton.  Id.  The previous owners of Rancho La Paz had little to no debt on the property and limited annual property taxes.  Id. ¶ 20.  This allowed for the park to turn a stable profit even though rent spaces were over 40% below market rent.  Id.  When Peace Ranch acquired the property, the increase in property taxes meant this below market rent was no longer profitable.  Id.  Accordingly, Peace Ranch gave the mobilehome owners notice of a rent increase. Id. ¶ 21.  This was met with controversy.  Id.  Peace Ranch subsequently rescinded the rent increase so that it could meet with the homeowners and city leaders in order to create an agreed

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for December 14, 2021.

2

upon schedule for rent increases phased in over a period of years. Id.

The rent increases were a subject of contention in both Anaheim and Fullerton. Id. ¶ 24. As such, a rent control ordinance for mobilehome parks was introduced in both cities. Id. However, neither passed. Id. The cities did get written commitments from Peach Ranch regarding the operations of the parks. Id.

Since 2019, California state law limits the amount an owner of residential property can increase rent. Id. ¶ 28. However, mobilehome parks were expressly exempted. Id. In 2020, the Legislature passed AB 2782. Mot. to Dismiss at 2. The bill amended California law so that long-term mobilehome leases would no longer be exempt from local rent control. Id. (citing 2020 Cal. Legis. Serv. Ch. 35 (A.B. 2782) (West)). In July 2021, Governor Gavin Newsom signed AB 978 into law, which became effective January 1, 2022. Compl. ¶ 34. Among other things, AB 978 created a separate cap for mobilehome owners who rent a site in a mobilehome park. Id. ¶ 35. Specifically, AB 978 prohibits any "qualified mobilehome park" from raising the gross rental rate for a park space more than 3% plus the percentage change in the cost of living, or 5%, whichever is lower. Id.

AB 978 defines a "qualified mobilehome park" as "a mobilehome park, as defined in Section 798.4 [of the Civil Code], that is located within and governed by the jurisdictions of two or more incorporated cities." Id. ¶ 36. Peach Ranch alleges, that the legislation was specifically meant to target Rancho La Paz. Id. Specifically, the author and sponsor of the bill,

Assemblymember Quirk-Silva represents Fullerton. Id. ¶¶ 32, 34. Peace Ranch alleges that after efforts to enact mobilehome park rent control in Fullerton failed, Assemblymember Quirk-Silva introduced AB 978. Id. ¶ 34. In limiting its application to mobilehome parks that were located within and governed by the jurisdictions of two or more cities, and with a stated intent of protecting mobilehome park tenants who reside in counties with certain populations, Peace Ranch alleges the law targeted only Rancho La Paz. Id. ¶¶ 36, 37, 38. The Government, though, points out that Peace Ranch does not allege any statutory provision so limiting AB 978's application to parks within counties with certain populations. Mot. to Dismiss at 4. Peace Ranch claims the bill's sponsors relied on the mistaken assumption that Rancho La Paz was a single mobilehome park. Compl. ¶ 36. Accordingly, AB 978 does not actually apply to it. Id. ¶ 9.

Peace Ranch then brought this action against Governor Newsom, Attorney General Rob Bonta, and 20 Doe defendants contending AB 978 violates the Constitution's prohibition on bills of attainder (claim one), the contracts clause (claim three), the equal protection clause (claim four), the due process clause (claim five), and the takings clause (claim six). See generally Compl. Additionally, Peace Ranch brought two challenges on state law grounds: California's bar on special legislation (claim two) and its takings clause (claim seven). Id. Finally, it requests declaratory judgment that AB 978 does not apply to it at all (claim eight). Defendants move to dismiss all claims. Mot. to Dismiss.

4

II.   OPINION

A.   Judicial Notice

Plaintiff requests the Court take judicial notice of seven exhibits: (1) a declaration of Jenny S. Lillge of Legislative Intent Service, Inc., authenticating the legislative history of AB 978; (2) Assembly Committee on Housing and Community Development's analysis of AB 978 as amended April 21, 2021; (3) Assembly Committee on Housing and Community Development's Background Information Request Form for AB 978; (4) AB 978 as amended on May 5, 2021; (5) Senate Judiciary Committee's analysis of AB 978 amended June 14, 2021; (6) AB 978 as amended on June 24, 2021; and (7) AB 978 as approved by the Governor and chaptered.  Pl.'s Req. for Judicial Notice ("RJN"), ECF No. 15.

The Court finds all exhibits, except the first, to be legislative history whose accuracy cannot reasonably be questioned and a proper subject for judicial notice.  See Chaker v. Crogan, 428 F.3d 1215, 1123 n.8 (9th Cir. 2005). Accordingly, the Court grants Plaintiff's request for judicial notice of exhibits two through seven but denies Plaintiff's request for the first exhibit.  See Snyder v. Umum Life Ins. Co. of Am., No. CV 13-07522 BRO RZX, 2014 WL 7734715, at *5 (C.D. Cal. Oct. 28, 2014) (granting judicial notice for legislative history but not a declaration from an employee at Legislative Intent Services, Inc., as it is not a source generally known or whose accuracy cannot reasonably be questioned).

B.   Legal Standard

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

5

Civil Procedure. Fed. R. Civ. P. 12(b)(1). If the plaintiff lacks standing under Article III of the United States Constitution, then the court lacks subject-matter jurisdiction, and the case must be dismissed. See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

    C.   Analysis

Defendants first move to dismiss all claims against Governor Newsom and the state-law claims based on sovereign immunity. Mot. to Dismiss at 5-6. Peace Ranch does not oppose this. Opp'n to Mot. to Dismiss at 10 n.2. Accordingly, the state-law claims, counts two, seven, and eight, as well as all claims against Governor Newsom are DISMISSED WITH PREJUDICE. See Resnick v. Hyundai Motor Am., Inc., No. CV-1600593-BRO, 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.").

        1.   Article III Standing

Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotation marks and citation omitted). To establish standing "a plaintiff must show (1) [they have]

6

suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envt'l. Serv. Inc., 528 U.S. 167, 180-81 (2000). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id. (internal quotation marks and citation omitted).

"A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." Davis v. Fed. Election Comm'n, 554 U.S. 724, 734 (2008). "[W]hen plaintiffs seek to establish standing to challenge a law or regulation that is not presently being enforced against them, they must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." LSO, Ltd. v. Stroh, 205 F.3d 1146, 1154 (9th Cir. 2000) (internal quotation marks and citation omitted).

Defendants argue, and the Court agrees, that Plaintiff has failed to allege an injury in fact. AB 978 applies to mobilehome parks located within and governed by the jurisdictions of two or more incorporated cities. Compl. ¶ 9. However, Peace Ranch consists of two parks, one in Anaheim and one in Fullerton, with two different permits. Id. Accordingly, it has not alleged an "intention to engage in a course of

7

conduct [. . .] proscribed by a statute," Susan B Anthony List v. Driehaus, 573 U.S. 149, 159 (2014), nor a "realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." LSO, Ltd., 205 F.3d at 1154. Plaintiff, therefore, does not have standing. See Lopez v. Candaele, 630 F.3d 775, 792 (9th Cir. 2010) (finding plaintiff failed to establish standing where the challenged policy did not apply to his past or intended future conduct). As such, Plaintiff's remaining federal claims are dismissed WITHOUT PREJUDICE. See Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006).

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss and DENIES as moot Plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED.

Dated: February 7, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE