UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE RANCH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1 through 20, inclusive,<br><br>    Defendants. | No.  2:21-cv-01651-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is California Attorney General Rob Bonta's ("Defendant") motion to dismiss. Mot., ECF No. 24-1.[1]  Peace Ranch, LLC ("Plaintiff") filed an opposition. Opp'n, ECF No. 29. Defendant replied. Reply, ECF No. 31. For the reasons set forth below, the Court grants Defendant's motion.

I.   BACKGROUND

As this is the second round of motions to dismiss, the Court does not repeat the factual background here.  That background is set forth extensively in the operative complaint, the parties'

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 7, 2022.

1

briefings, and the Court's prior order.  See Order Granting Defs.' First Mot. to Dismiss ("Prior Order") at 2-4, ECF No. 20.

The pertinent procedural background is as follows: on February 7, 2022, the Court granted the first motion to dismiss for lack of standing.  See generally Prior Order.  The Court explained: "Plaintiff has failed to allege an injury in fact.  AB 978 applies to mobilehome parks located within and governed by the jurisdictions of two or more incorporated cities.  However, Peace Ranch consists of two parks, one in Anaheim and one in Fullerton, with two different permits.  Accordingly, it has not alleged an 'intention to engage in a course of conduct [. . .] proscribed by a statute,' nor a 'realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.'  Plaintiff, therefore, does not have standing." Id. at 7-8 (internal citations omitted).  Thereafter, Plaintiff filed a first amended complaint.  See First Am. Compl. ("FAC"), ECF No. 23.  Defendant now moves again to dismiss.  See generally Mot.

## II.   OPINION

### A.   Judicial Notice

Plaintiff requests the Court take judicial notice of six exhibits: (1) the Assembly Committee on Housing and Community Development's analysis of AB 978 as amended April 21, 2021; (2) the Assembly Committee on Housing and Community Development's Background Information Request Form for AB 978; (3) AB 978 as amended on May 5, 2021; (4) the Senate Judiciary Committee's analysis of AB 978 amended June 14, 2021; (5) AB 978 as amended on June 24, 2021; and (6) AB 978 as approved by the

Governor and chaptered.  Pl.'s Req. for Judicial Notice ("RJN"), ECF No. 30.  The Court previously granted Plaintiff's request for judicial notice of these same documents.  Prior Order at 5.  The Court takes judicial notice again as these documents are legislative history whose accuracy cannot reasonably be questioned and thus a proper subject for judicial notice.  See Chaker v. Crogan, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005).

### B. Legal Standard

A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  If the plaintiff lacks standing under Article III of the United States Constitution, then the court lacks subject-matter jurisdiction, and the case must be dismissed.  See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).  Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### C. Analysis

Defendant urges the Court to dismiss the FAC for the same reason it dismissed the original complaint: Plaintiff lacks standing because it has failed to sufficiently allege any injury-in-fact.  Mot. at 6-7; Reply at 1.  In the FAC, Peace Ranch attempts to fix the standing issue the Court previously identified by pleading the following: RLP "straddles two cities [in Orange County]: Anaheim and Fullerton."  FAC ¶¶ 13, 17.  The Legislature designed and enacted a rent cap applicable only to

3

Orange County mobilehome parks straddling two cities, of which the Legislature concluded there was only one: RLP. Id. ¶¶ 34-36. "The Legislature and Defendant Attorney General (collectively, 'the State') believe that Rancho La Paz is a single park straddling two cities and is therefore subject to AB 978." Id. ¶ 40. "Given the State's clear position, and to avoid injury in the form of an action seeking to enforce AB 978 and associated penalties based on the belief that RLP is a single park, Peace Ranch has been forced to conform its conduct to the mandates of AB 978" by "maintain[ing] its rents below the rent cap imposed by AB 978." Id. "Absent this threat, Peace Ranch would not have been compelled to keep RLP's rents below AB 978's cap." Id. According to Plaintiff, these allegations establish "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Opp'n at 11 (citing to Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

However, the Court agrees with Defendant that these allegations still fall short of establishing a realistic danger of injury from AB 978's operation. Reply at 1. Because Plaintiff continues to allege RLP is "actually two separate parks (one in Anaheim and the other in Fullerton," FAC ¶ 40, it does not meet the criteria of a "qualified mobilehome park." See Prior Order at 7-8. Plaintiff's choice to comply with AB 978 is irrelevant. Mot. at 6. Voluntary compliance with a law that does not apply does not constitute an injury-in-fact. Id. Nor did Plaintiff bring forward caselaw supporting its position that an injury-in-fact can exist where the challenged statute does not

actually apply to the plaintiff. See Opp'n at 10-12. As Defendant points out, Plaintiff's two principal cases — Bland v. Fessler, 88 F.3d 729 (9th Cir. 1996), and LSO, Ltd. v. Stroh, 205 F.3d 1146 (9th Cir. 2000) — are readily distinguishable because they both involved First Amendment rights and this case does not. Reply at 1.

Plaintiff again fails to carry its burden to show it has standing. See Kokkonen, 511 U.S. at 377. Accordingly, the FAC is dismissed.[2] Finding further amendment would be futile, the Court dismisses this case with prejudice. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (explaining that "where the plaintiff has previously been granted leave to amend and has subsequently failed to [correct the deficiencies] the district court's discretion to deny leave to amend is particularly broad").

### III. ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: July 8, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court dismisses for lack of standing, the Court does not reach the parties' additional 12(b)(6) arguments. See Mot. at 7-15; see also Opp'n at 12-21.