ROB BONTA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
MEGAN A. S. RICHARDS
Deputy Attorney General
State Bar No. 281307
　1300 I Street, Suite 125
　P.O. Box 944255
　Sacramento, CA 94244-2550
　Telephone: (916) 210-7739
　Fax: (916) 324-8835
　E-mail: Megan.Richards@doj.ca.gov
*Attorneys for Rob Bonta, in his official capacity as*
*Attorney General of the State of California*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEACE RANCH LLC,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1 through 20, inclusive,**<br><br>　　　　　　　　　　　Defendants. | Case No. 2:21-cv-01651<br><br>**DEFENDANT ROB BONTA'S ANSWER TO THE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:　　　The Honorable John A. Mendez<br>Trial Date:　None set<br>Action Filed: September 13, 2021 |

## ANSWER

Defendant Rob Bonta, in his official capacity as Attorney General of California (Defendant), hereby answers the complaint for declaratory and injunctive relief (Complaint), filed on March 4, 2022 (ECF No. 23), as follows:

Introduction[1]

1. The statements contained in Paragraph 1 of the Complaint are legal claims and argument to which no response is required. To the extent any allegations in Paragraph 1 may be construed as factual allegations, Defendant denies them.

2. Defendant lacks sufficient information or belief to respond to the allegations in this paragraph, and on that basis denies each and every allegation.

3. Defendant avers that the Legislative history shows that Ms. Quirk-Silva sponsored AB 978 and intended that the bill would apply to Peace Ranch's mobilehome park. Otherwise, the Defendant denies the allegations in Paragraph 3.

4. Defendant admits that this civil rights action challenges AB 978 as unconstitutional. Defendant denies that AB 978 is unconstitutional.

5. The statements contained in Paragraph 5 of the Complaint are legal claims and argument to which no response is required. To the extent any allegations in Paragraph 5 may be construed as factual allegations, Defendant denies them.

6. The statements contained in Paragraph 6 of the Complaint are legal claims and argument to which no response is required. To the extent any allegations in Paragraph 6 may be construed as factual allegations, Defendant denies them.

7. Defendant admits that the Fourteenth Amendment guarantees a right to equal protection of the laws and due process. Otherwise, the statements contained in Paragraph 7 of the Complaint are legal claims and argument to which no response is required. To the extent any allegations in Paragraph 7 may be construed as factual allegations, Defendant denies them.

8. Defendant admits that a taking must be for a public use or purpose. Otherwise, the statements contained in Paragraph 8 of the Complaint are legal claims and argument to which no response is required. To the extent any allegations in Paragraph 8 may be construed as factual allegations, Defendant denies them.

---

[1] For ease of reference, Defendant includes the headings used in the Complaint. Defendant denies allegations contained in all unenumerated subheadings of the Complaint.

Defendant Rob Bonta's Answer to the First Amended Complaint  (2:21-cv-01651)

9. Defendant admits that AB 978 went into effect on January 1, 2022. The rest of Paragraph 9 contains legal contentions and argument to which no response is required. To the extent any part of Paragraph 9, aside from the first sentence, contains any allegations that may be construed as factual allegations, Defendant denies them.

### Jurisdiction and Venue

10. The statements contained in Paragraph 10 of the Complaint are legal claims and argument to which no response is required. Defendant denies any allegations that misstate the law. Defendant does not contest federal jurisdiction.

11. This paragraph contains allegations that cite statutory provisions, which speak for themselves. Defendant denies any allegations that misstate the law. To the extent a further response is required, Defendant denies each and every other allegation.

12. This paragraph contains allegations that cite statutory provisions, which speak for themselves. Defendant denies any allegations that misstate the law. To the extent a further response is required, Defendant denies each and every other allegation.

### Parties

13. Defendant admits that RLP is a mobilehome park located in the County of Orange, California. Defendant lacks sufficient information or belief to respond to the rest of the allegations in this paragraph, and on that basis denies each and every one.

14. Defendant admits the allegations in paragraph 14.

15. This paragraph consists of legal claims and arguments to which no response is required. To the extent this paragraph contains any factual allegations, defendant lacks sufficient information or belief, and on that basis denies each and every allegation.

16. The statements contained in paragraph 16 of the Complaint are legal claims and argument to which no response is required. To the extent any allegations in paragraph 16 may be construed as factual allegations, Defendant denies them.

17. Defendant lacks sufficient information or belief regarding when Peace Ranch acquired RLP, and on that basis, denies the allegation. Defendant admits that RLP straddles two cities: Anaheim and Fullerton.

18.     Defendant lacks sufficient information or belief to respond to the allegations in paragraph 18, and on that basis denies each and every allegation.

19.     Defendant lacks sufficient information or belief to respond to the allegations in paragraph 19, and on that basis denies each and every allegation.

20.     Defendant lacks sufficient information or belief to respond to the allegations in paragraph 20, and on that basis denies each and every allegation.

21.     Defendant lacks sufficient information and belief to respond to the allegations in paragraph 21, and on that basis denies each and every allegation.

22.     Defendant admits that a rent control ordinance applicable to mobilehome parks was introduced in Anaheim and Fullerton and that the ordinance did not pass. The document attached as Exhibit A speaks for itself. Defendant lacks sufficient information or belief to respond to the rest of the allegations in paragraph 22, and on that basis denies each and every remaining allegation.

23.     Defendant lacks sufficient information and belief to respond to the allegations in paragraph 23, and on that basis denies each and every allegation.

<div style="text-align:center">State of Mobilehome Rent Control Prior to AB 978</div>

24.     This paragraph consists of legal claims and arguments to which no response is required. The content of the law speaks for itself.

25.     This paragraph consists of legal claims and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations.

26.     This paragraph consists of legal claims and arguments to which no response is required. Defendant admits that the Legislature enacted the Tenant Protection Act of 2019 (AB 1482) in 2019. The statutory text of AB 1482 speaks for itself.

27.     Admits.

28.     Defendant admits that in 2020, Ms. Quirk-Silva introduced AB 2895. The text of AB 2895 speaks for itself.

29.     Defendant admits that AB 2895 did not pass. Defendant lacks sufficient information or belief to respond to the rest of the allegations in paragraph 29, and on that basis denies each and every additional allegation.

<u>The Legislature Targeted Peace Ranch for Draconian Rent Control When it Drafted and Enacted AB 978</u>

30.     Defendant admits that Ms. Quirk-Silva is an assembly person who represents Fullerton. Defendant lacks sufficient information or belief to respond to the rest of the allegations in paragraph 30, and on that basis denies each and every additional allegation.

31.     Defendant admits that neither Anaheim nor Fullerton has imposed rent control on mobilehomes. Defendant lacks sufficient information and belief to respond to the rest of the allegations in paragraph 31, and on that basis denies each and every additional allegation.

32.     The first sentence of Paragraph 32 contains legal argument and contentions to which no response is required. To the extent a response is required, Defendant lacks information and believe to respond, and on that basis denies the allegations. Defendant admits the allegations in the second, third, and fifth sentences. The content of AB 978 speaks for itself.

33.     This paragraph describes the content of AB 978. The text of AB 978 speaks for itself.

34.     Defendant admits the allegations in the first two sentences. Defendant lacks sufficient information and belief to respond to the allegations in the third sentence, and on that basis denies each and every allegation contained therein.

35.     Lacking sufficient information and belief to respond, Defendant denies each of the allegations in Paragraph 35.

36.     Defendant denies the allegations contained in the first sentence. The content of AB 978 speaks for itself. Regarding the second and third sentences, Defendant admits that as of the last census count, only Orange County falls within the referenced population range. Defendant denies all of the other allegations contained in the second and third sentences.

37.     Defendant denies the allegations in the first and third sentences. Defendant admits that the next census is not scheduled to be taken until 2030.

38. Defendant admits the allegations in the first sentence. The second sentence contains legal argument and contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

39. Defendant admits that AB 978 applies to rent increases occurring on or after February 18, 2021, and that it does not exempt leases existing at the time of its enactment or effective date. Defendant denies the rest of the allegations in Paragraph 39.

40. Defendant admits that it believes that Rancho La Laz is subject to AB 978. Lacking information and believe, Defendant denies the rest of the allegations contained in Paragraph 40.

## FIRST CLAIM

Violation of Federal Constitutional Prohibition on Bills of Attainder

(U.S. Const. art. I, § 10)

41. Defendant re-alleges and incorporates by reference as if fully set forth herein the admissions, denials and allegations set forth in paragraphs 1 through 40, above.

42. The text of the United States Constitution speaks for itself. The rest of Paragraph 42 contains legal claims and argument to which no response is required.

43. Paragraph 43 contains legal claims and argument to which no response is required.

44. The legislative history of AB 978 speaks for itself. Defendant lacks information and belief sufficient to respond to the rest of the allegations in Paragraph 44, and on that basis denies the allegations.

45. Defendant denies the allegations contained in the first and second sentences of Paragraph 45, and denies that AB 978 has a punitive purpose.

   a. Defendant admits that legislative history shows that Ms. Quirk-Silva intended AB 978 to apply to Peace Ranch. Otherwise, Defendant lacks sufficient information and belief to respond to the allegations in this subparagraph, and on that basis denies the allegations.

   b. Defendant admits that the Legislative history for AB 978 mentions a "general concern over rising mobilehome rents" and also specifically mentions statistics from Oakland,

1     San Francisco, San Jose and Los Angeles County. Otherwise, Defendant denies the
2     allegations.

3   c. Lacking sufficient information and belief to respond to the first sentence, Defendant
4     denies the allegation. As to the second sentence, Defendant admits that AB 1482
5     applies to most residential rental properties except for mobilehome parks, and allows
6     rent increases of five percent plus inflation up to a maximum cap of 10 percent. As to
7     the third sentence, Defendant admits that AB 2895 would have extended AB 1482's
8     rent cap to mobilehome parks in the state. As to the fourth sentence, Defendant admits
9     that AB 978 allows Peace Ranch to raise rents by three percent plus inflation up to a
10     maximum cap of five percent. Defendant admits that the text of AB 978 does not
11     explicitly state the rationale for the allowed annual rate cap chosen by the Legislature,
12     but avers that the legislative history for AB 978, AB 1482, and AB 2895 provides a
13     rationale for the differing treatment of mobilehome parks covered by AB 978.

14   d. Defendant denies the allegations in the first, third, and fourth sentences. Defendant
15     admits that the legislative history admits that Fullerton and Anaheim decided against
16     imposing rent control, as alleged in the second sentence.

17 46. Paragraph 46 contains legal claims and argument to which no response is required.
18 47. Paragraph 47 contains legal claims and argument to which no response is required.

19 <center>SECOND CLAIM</center>
20 <center>Violation of the Federal Contracts Clause</center>
21 <center>(U.S. Const. Art. 1, § 10, cl. 1)</center>

22 48. Defendant re-alleges and incorporates by reference as if fully set forth herein the
23 admissions, denials and allegations set forth in paragraphs 1 through 40, and 42-47, above.
24 49. The Contracts Clause of the United States Constitution speaks for itself.
25 50. Paragraph 50 contains legal claims and argument to which no response is required.
26 51. Paragraph 51 contains legal claims and argument to which no response is required.
27 52. Paragraph 52 contains legal claims and argument to which no response is required.
28

53. Paragraph 53 contains legal claims and argument to which no response is required. To the extent that any allegation in Paragraph 53 requires a response, lacking sufficient information and belief, Defendant denies the allegations.

54. Paragraph 54 contains legal claims and argument to which no response is required. To the extent a response is required, Defendant denies the allegations.

55. Defendant denies the allegations in Paragraph 55.

56. Paragraph 56 contains legal claims and argument to which no response is required. To the extent a response is required, Defendant denies the allegations.

57. Paragraph 57 contains legal claims and argument to which no response is required. To the extent that any allegation in Paragraph 57 requires a response, Defendant denies the allegations.

## THIRD CLAIM

Violation of the Federal Equal Protection Clause

(U.S. Const. amend. XIV, § 1)

58. Defendant re-alleges and incorporates by reference as if fully set forth herein the admissions, denials and allegations set forth in paragraphs 1 through 40, 42-47, and 49-57, above.

59. Paragraph 59 contains legal claims and argument to which no response is required. The Equal Protection Clause of the United States Constitution speaks for itself.

60. Paragraph 60 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

61. Paragraph 61 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

## FOURTH CLAIM

Violation of Federal Due Process Clause

(U.S. Const. amend. XIV, § 1)

62 - 66. By stipulation, Plaintiff Peace Ranch agreed to dismiss Count 4 (Doc 40). Accordingly, no response is required. To the extent a response is required, Defendant denies the allegations.

## FIFTH CLAIM

Violation of the Federal Takings Clause's Prohibition on Private Takings

(U.S. Const. amends. V, XIV)

67. Defendant re-alleges and incorporates by reference as if fully set forth herein the admissions, denials and allegations set forth in paragraphs 1 through 40, 42 through 47, 49 through 57, 59 through 61, and 62 through 66, above.

68. Paragraph 68 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

69. Paragraph 69 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

70. Paragraph 70 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

71. Paragraph 71 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

72. Paragraph 72 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

## SIXTH CLAIM

Violation of the Federal Takings Clause's Prohibition on Private Takings

(U.S. Const. amends. V, XIV)

73. Defendant re-alleges and incorporates by reference as if fully set forth herein the admissions, denials and allegations set forth in paragraphs 1 through 40, 42 through 47, 49 through 57, 59 through 61, and 62 through 66, and 68 through 72, above.

74. Paragraph 74 contains legal claims and argument to which no response is required. The Takings Clause of the United States Constitution speaks for itself.

75. Paragraph 75 contains legal argument and contention to which no response is required. To the extent a response is required, Defendant denies the allegations.

76. Defendant denies each of the allegations contained in Paragraph 76.

77. Paragraph 77 contains legal claims and argument to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent that the Prayer for Relief contains any allegations, Defendant denies all such allegations.

In addition without admitting any allegations contained in the Complaint, Defendant asserts the following defenses based on information and belief:

## FIRST AFFIRMATIVE DEFENSE

The Court should dismiss the Complaint because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant reserves the right to assert and rely upon additional affirmative defenses to the extent they are applicable.

## PRAYER FOR RELIEF

1. Plaintiffs take nothing by reason of their Complaint;
2. Judgment be entered in favor of Defendant and adverse to Plaintiffs;
3. Defendant be awarded costs incurred in defending this action; and
4. Defendant be awarded such further relief that the Court may deem just and proper.

Dated:  March 21, 2024                              Respectfully submitted,

ROB BONTA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General

/s/ Megan A.S. Richards
MEGAN A.S. RICHARDS
Deputy Attorney General
*Attorneys for Rob Bonta, in his official capacity as Attorney General of the State of California*

SA2021304582/37952872.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Peace Ranch, LLC v. Gavin Newsom, et al** | No. | **2:21-cv-01651** |
|---|---|---|---|

I hereby certify that on <u>March 21, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ROB BONTA'S ANSWER TO THE FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 21, 2024</u>, at Sacramento, California.

| Eileen A. Ennis | */s/ Eileen A. Ennis* |
|---|---|
| Declarant | Signature |

SA2021304582
37952862.docx