PAUL J. BEARD II (State Bar No. 210563)
**PIERSON FERDINAND LLP**
453 S. Spring St., Suite 400-1458
Los Angeles, CA 90013
Telephone: (818) 216-3988
E-mail: paul.beard@pierferd.com

Attorneys for Plaintiff PEACE RANCH LLC

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE RANCH LLC,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1 through 20, inclusive,<br><br>　　　　Defendant. | Case No.: 2:21-cv-01651-JAM-AC<br><br>Judge: Hon. John A. Mendez<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: Sept. 13, 2021<br><br>Trial Date: October 6, 2025 |

IT IS HEREBY STIPULATED, by and between the parties to this action, that in order to facilitate the exchange of documents and information, which is likely to involve the production of confidential, proprietary, or private information, the following provisions of this Stipulated Protective Order (the "Order") shall govern disclosure and use by the Parties of all documents, testimony, exhibits, interrogatory answers, responses to requests for admission, and any other materials and information disclosed or provided in the above-referenced action (the "Action").

1. When used in this Order, the term:

(a) **"Action"** means the above-entitled proceeding action, Case No. 2:21-cv-01651-JAM-AC.

(b) **"Confidential Materials"** means all Documents, Testimony, and Information, as defined below, designated as "Confidential" pursuant to this Order.

(c) **"Court"** means Senior United States District Judge John A. Mendez, or any other judge to which this Action may be assigned, and further includes any applicable court staff.

(d) **"Designating Party"** shall refer to any party to this Action and any nonparty disclosing or producing Confidential Materials in connection with this Action.

(e) **"Disclose**," **"Disclosed**," or **"Disclosure"** means to give, make available, or reveal Confidential Materials, or any part thereof.

(f) **"Discovery Material"** shall refer to all Documents, Testimony, or Information produced, generated, or Disclosed in discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(g) **"Documents"** means (i) any "writing," "original," and "duplicate" that have been produced during discovery in this Action by any person or entity and (ii) any copies, summaries, or reproductions of the same, in whole or in part.

(h) **"Information"** means the content of any Documents or Testimony, including individual records (and associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(i) **"Receiving Party"** shall refer to any party to this Action that receives Confidential Materials and any nonparty that receives Confidential Materials from a party to this Action.

(j) **"Testimony"** means all depositions, declarations, or other testimony taken or used in this Action.

2. The Designating Party shall have the right to designate as "Confidential Material" any Discovery Material that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. Unless otherwise ordered by the Court or authorized in writing by the Designating Party, or as otherwise set forth in this Order, a Receiving Party may Disclose Confidential Materials only in this Action and only to:

(a) counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to Disclose the Information in connection with this Action;

(b) the named parties, including in-house counsel, officers, directors, employees, and staff of the Receiving Party to whom Disclosure is reasonably necessary for this Action;

(c) experts, consultants, appraisers, or investigators, including their staff, who have signed the Acknowledgment Re: Receipt of Confidential Materials ("**Acknowledgement**") attached hereto as Exhibit A;

(d) outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom Disclosure is reasonably necessary for this Action;

(e) the Court, any court to which a party petitions for discovery of a nonparty, any appellate court, necessary court personnel, and jurors;

(f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom Disclosure is reasonably necessary for this Action;

(g) during their depositions and deposition preparation, any witnesses in the Action to whom Disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

        (h)    any mediator or arbitrator engaged by any of the parties in connection with this Action;

        (i)    the author or recipient of a document containing the Confidential Materials or a custodian or other person who otherwise possessed or knew the Information; and

        (j)    other persons only after notice to all parties and upon order of the Court or upon written consent of the Designating Party.

4.    Designation of Documents, Information, or Testimony as containing Confidential Materials as set forth in this Paragraphs 4 and Paragraph 5 of this Order may be made at or prior to the time of production of Documents by stamping or otherwise affixing the label "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page deemed Confidential in a manner that does not interfere with the legibility of the Document. The Designating Party must limit designation of Confidential Materials to only those parts of Documents, Information, or Testimony that are clearly identified as containing Confidential Materials. When Confidential Materials are Disclosed in a form not appropriate for such placing or affixing, such Confidential Materials shall be designated as Confidential in writing at the time they are delivered to the Receiving Party.

A party that makes original Documents available for inspection need not designate them for protection until after the Receiving Party that conducted the inspection has indicated which material it would like copied and produced. During the inspection, and before the designation, if so indicated in writing by the Designating Party, all of the material made available for inspection shall be deemed "CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." After the Receiving Party has identified the Documents or Information it wants copied and produced, the Designating Party must determine which Documents or Information, or portions thereof, qualify for protection under this Order and affix the appropriate label before producing the Documents or Information.

5.    A Designating Party may designate as Confidential any portion of a transcript from a deposition, or a transcript from other pretrial or trial proceedings, deemed to contain such material. The Designating Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Materials ("**Confidential Testimony**") either orally at the deposition or in writing no later than thirty (30) calendar days after receipt from the court reporter of the final certified

transcript. If the Designating Party advises that the transcript contains Confidential Testimony, during such 30-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious label on the title page that the transcript contains Confidential Materials, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Materials must be separately bound by the court reporter and may not be Disclosed to anyone except as permitted under this Order.

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a Document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER".

6. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Materials from a party to this Action shall be shown a copy of this Order and be advised of its contents by that party. Each such individual shall execute the Acknowledgement attached hereto as Exhibit A.

7. Any person or entity in possession of Confidential Materials received from a party to this Action shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such Information to or with any person not entitled to receive it, so that the Confidential Materials are not further Disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected Information itself, but also any Information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might Disclose protected material to persons not authorized to receive such material.

8. All Discovery Material produced or Disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose.

9. Nothing in this Order shall be construed as limiting a Designating Party's use of its own Confidential Materials. If the Designating Party disseminates its own Confidential Materials outside of the confines of this Order or otherwise files such Confidential Materials in this Action not under seal, such Information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit the Disclosure, use, or dissemination of any Confidential Materials that:

(a) are or became public knowledge, not in breach of this Order;

(b) were acquired by a party from a nonparty that obtained the Confidential Materials from a source that is not a party to this Action; or

(c) were learned by a party as a result of that party's own independent efforts, investigation, or inquiry without the use of, or resort to, any Confidential Materials. If a dispute arises as to Disclosure limitations for any specific and duly-labeled Confidential Materials, the burden shall be on the party seeking Disclosure to prove that such Confidential Materials were lawfully obtained through the above means or sources.

10. If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Confidential Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must, not later than five (5) calendar days after learning of the Disclosure, (a) notify in writing the Designating Party of the unauthorized Disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Materials; (c) inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

11. If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels Disclosure of any Confidential Materials, that Receiving Party must: (a) promptly notify in writing the Designating Party and provide the Designating Party with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity that caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c)

cooperate with respect to all reasonable procedures pursued by the Designating Party whose Confidential Materials may be affected.

The Designating Party must notify the Receiving Party within five (5) calendar days of receiving the notice and accompanying Information if it intends to seek a protective order from the court to avoid Disclosure of the Confidential Materials.

(a) If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential Materials before a determination by the court from which the subpoena or order issued, unless the Designating Party consents to such production in writing. The Designating Party shall bear the burden and expense of seeking protection of its Confidential Materials in the court that issued the subpoena or court order.

(b) If the Designating Party fails to notify the Receiving Party that it will seek a protective order within five (5) days or fails to seek a protective order from the court within thirty (30) calendar days of receiving the notice and accompanying Information, the Receiving Party may produce the Confidential Materials responsive to the subpoena or court order.

(c) Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

12. Inadvertent failure to designate Documents as Confidential at the time of production may be remedied by supplemental written notice by the Designating Party. The Designating Party must notify the Receiving Party within twenty (20) calendar days after discovering that it inadvertently failed to designate the Documents or Information as Confidential. If such notice is given, all Documents and Information so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such Documents or Information fall within the definition of Confidential Materials. Therefore, the Receiving Party should notify any nonparty to whom Disclosure was made about the confidentiality designation. The foregoing provision shall not apply to any Documents or Information that have already otherwise become publicly available.

13. When a Designating Party gives notice to a Receiving Party that certain inadvertently produced Confidential Materials are subject to a claim of privilege or other protection, the Receiving Party must take the following steps: After being notified of a claim of privilege or of protection, a party that

received the information shall immediately sequester the information and either return the specified information and any copies that may exist or present the information to the court conditionally under seal for a determination of the claim. Prior to the resolution of any motion brought to contest the legitimacy of a claim of privilege or protection, a party shall be precluded from using or disclosing the specified information until the claim of privilege or protection is resolved. A party who received and disclosed the information before being notified of a claim of privilege or of protection shall, after that notification, immediately take reasonable steps to retrieve the information. If the receiving party contests the legitimacy of a claim of privilege or protection, he or she may seek a determination of the claim from the court by making a motion within 30 days of receiving the claim and presenting the information to the court conditionally under seal. Until the legitimacy of the claim of privilege or protection is resolved, the receiving party shall preserve the information and keep it confidential and shall be precluded from using the information in any manner. Insofar as the parties are subject to an order or reach an agreement regarding other privileged or protected information, such order or agreement is incorporated by reference herein with regard to the effect of Disclosure of a communication or information covered by the attorney-client privilege, work product protection, or another privilege or protection. This provision is not intended to modify whatever procedure may be established in such an order or stipulation.

14. If, during discovery, counsel for a Receiving Party object to the confidentiality designation, said counsel shall advise the Designating Party's counsel in writing of:

    (a) counsel's objections;

    (b) the Documents, Testimony, or Information at issue; and

    (c) the reasons and support for such objections.

    (Collectively, the "**Written Objections**").

Counsel for the Designating Party shall have thirty (30) days from receipt of the Written Objections to either:

    (a) agree in writing to de-designate the Documents, Testimony, or Information at issue, pursuant to the Written Objections; and/or

    (b) file a motion with the court to uphold any or all designations on Documents, Testimony, or Information impacted by the Written Objections.

Pending the Court's ruling on a motion pursuant to subsection (b) above, any and all existing designations on the Documents, Testimony, or Information at issue in the motion shall conditionally remain in place. The Designating Party shall have the burden on any motion described herein of establishing the applicability of its "Confidential" designation. In the event that the Written Objections are neither timely agreed to nor addressed in the motion described herein, then such Documents, Testimony, or Information shall be de-designated in accordance with the Written Objections.

15. Where any Confidential Materials are a part of any motion to seal court records, the Parties or any nonparties involved shall follow those rules and procedures for filing records under seal. For any discovery motions or discovery proceedings that are **not** governed by Federal Rules of Civil Procedure, the Parties must:

(a) if the Parties submit to the Court any Confidential Materials in connection with discovery motions and discovery proceedings, file such materials under seal with the clerk of the Court in an envelope marked "CONFIDENTIAL-FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED"; or

(b) if only portions of a Document contain Confidential Information, the party filing the Document shall submit to the court a redacted copy of the same, in accordance with the Court's rules.

16. Within ninety (90) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Materials to the Designating Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Materials may have been reproduced or captured.

Whether the Confidential Materials are returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 90-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other form reproducing or capturing any of the Confidential Materials.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Materials. Any such archival copies that

contain or constitute Confidential Materials remain subject to this Order.

17. Any nonparty producing Confidential Materials in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for Information. The Receiving Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate Information produced by other parties or nonparties as Confidential consistent with the terms and provisions of this Order.

18. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Materials produced by or obtained from any Designating Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

19. In the event that a Designating Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Designating Party. Once the Designating Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20. This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any Document, Testimony, Information, or other evidence subject to this Order that is otherwise admissible, nor prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Document, Testimony, Information, or evidence subject to this Order. Prior to any court proceeding in which Confidential Materials are to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Materials.

21. Nothing in this Order, or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party, nonparty, or a party opponent.

The parties agree that a designation of materials as Confidential is not intended to be and shall not be construed as an admission that the Confidential Materials are relevant to any party's claims or defenses,

nor subject to an applicable privilege or protection.

Nothing in this Order shall be deemed an admission that any particular Confidential Materials are entitled to protection under this Order or any other law.

23. When the Receiving Party is a public entity, and the Designating Party is a private entity, the Receiving Party must notify the Designating Party within three (3) business days following the receipt of any Public Records Act request for disclosure of Confidential Materials. In responding to such a Public Records Act request, the Receiving Party shall state, in writing, as applicable, that the Confidential Materials are not disclosable because, as may be applicable: (a) they do not "relat[e] to the conduct of the public's business" (Gov. Code § 7920.530), (b) they are otherwise exempt from disclosure (*see, e.g.*, *id.* §§ 7927.200(a) (pending litigation), 7927.705 (records exempted or prohibited from disclosure pursuant to state law—i.e., a protective order), and/or (c) on the facts of the particular case the public interest served by not disclosing the Confidential Materials clearly outweighs the public interest served by disclosure of the Confidential Materials (*id.* § 7922.000).

24. After this Order has been signed by counsel for all parties, it shall be presented to the Court for approval and entry.

25. Counsel agree to be bound by the terms of this Order regarding any Confidential Materials that have been produced in this Action and so designated as Confidential by a Designating Party before the Court signs and enters the Order.

26. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the conclusion of this Action.

27. This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

28. This Order may be executed in one or more counterparts, each of which is an original, and all of which together constitute only one agreement between the parties.

DATED: December 23, 2024

        s/ Paul Beard II

---
Paul Beard II
Attorney for Plaintiff Peace Ranch

DATED: December 26, 2024

        s/ Megan Richards

---
Megan Richards
Attorney for Defendants Rob Bonta

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order.

IT IS SO ORDERED.

Dated: December 27, 2024

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT RE: RECEIPT OF CONFIDENTIAL MATERIALS

I, _____, declare that:

1. I am _____ [POSITION AND EMPLOYER].

2. I have received a copy of the Protective Order ("**Order**") in this Action, *Peace Ranch LLC v. Bonta*.

3. I have carefully read and understand the Order, and I agree to abide by its terms.

4. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use for purposes other than for this Action any materials designated "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" that I receive in this Action, except to the extent that such material designated "Confidential" is or becomes public information, or otherwise is not deemed "Confidential" in accordance with the Order.

5. I agree that at the conclusion of the litigation, I will return all Confidential Materials to the party or attorney from whom I received it, or permanently destroy such Confidential Materials if instructed to do so by the party or attorney from whom I received it.

6. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Order.

7. I understand that disclosure of materials designated "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" in violation of the Order may constitute contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ___ day of _____, 20__, at ____.

DATED: ____   BY: _____
                    Signature

Name: _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____